Shackelford J.,
delivered the opinion of the Court.
This suit was brought by the defendant in error, against plaintiffs in error, and a number of others, in the Circuit Court of Bradley, by summons. Ancillary attachments were sued out at the time of the issuance of the summons, and were levied upon the property of plaintiff in error, and other defendants, who were declared against in the defendant’s declaration. At the September Term, 1865,'the defendant *193 filed his declaration, in which he states that the plaintiff in error, and the other defendants in the suit, to-wit: Levi 0. Hoyt, Russell Lawson, Silas Wayne, Isaac Wayne, John Cruise, Henry Kinser, and Joseph Tucker, willfully, maliciously, and wickedly, without cause, arrested him, or caused him to he arrested and imprisoned, for a long space of time — to-wit: the space of - months, whereby he was injured, etc., etc., etc.
At the September Term, 1865, nol. pros’s were entered as to all the other defendants not declared against. At the same term, the plaintiff in error, and the other defendants in the declaration, filed their pleas: 1st, plea of “Not guilty;” 2d, plea of “Accord and satisfaction,” which, in substance, states, the defendant in error received from Jacob Deatherow, one hundred dollars in cash, and the promissory note of the said Deatherow, for three hundred dollars, in full satisfaction of the trespass committed, etc. At the January Term, 1866, the plaintiffs in error, by leave of the Court, filed another plea of accord and satisfaction, in which they state the defendant in error, since the commencement of the suit, received from the other defendants, who were sued for the joint trespass alleged to have been committed, the sum of twenty-six hundred dollars, in full discharge for the said several trespasses supposed to have been committed; and this was in satisfaction of the injury done him, costs, etc.; to which plea a replication was filed. At this term, a nol. pros, was entered to all the other defendants in the cause, except plaintiffs in ei-ror. At the May Term, 1866, the cause was submitted to *194 a jury. The facts necessary to be stated, are: The defendant in error was arrested, or caused to be arrested, by the plaintiff in error, and the other defendants to the suit, (to which nol. pros’s have been entered,) was taken to Mobile and Tuscaloosa, and imprisoned for a length of time, and suffered great privations and wrongs. Upon his release from prison, he returned, and the suit was commenced against the plaintiff in error and the other defend-ían ts. Russell Lawson, who was sued with the plain-stiffs in error, agreed to give the defendant in error, ■three hundred dollars, in satisfaction of the damages defendant had sustained. He executed his note to the defendant in error for that sum, which was received and transferred by the defendant in error, and on which he had been sued before a Justice of the Peace, and stayed.
When he, sued, there was nothing said about any one else. He received it in satisfaction of the damage done him. He said, in the conversation, there were some he would not take less than one thousand dollars from. Witness was not concerned in his arrest; he paid him for the damages claimed in the suit, alone for himself. Jacob Deatherow, who was sued, paid the defendant in error, one hundred dollars in cash, and gave his note for three hundred, which he afterwards paid, in full satisfaction for the damages claimed by defendant in error, against him. Henry Kinser paid the defendant in error, two hundred dollars, for himself and son, who was sued, in notes, in full satisfaction of the damages of defendant *195 in error, against them.' The counsel for the plaintiffs in error, requested the Court to charge the jury: “If the defendant in error, after the commencement of the suit, received one hundred dollars in money, and the note of Russell Lawson for three hundred dollars, in satisfaction for the damages sued for in the declaration, so far as said Lawson was concerned; and if he received from John Deatherow, one of the defendants, originally sued in this action, four hundred dollars, in satisfaction for the damages sued for as to him; and if he received from Henry Kinser, (another of the defendants originally sued in this action,) his note for two hundred dollars, in satisfaction for the injuries sued for in this declaration, as to him and his son, such an accord and satisfaction with any one of the joint trespassers originally sued, would he an accord and satisfaction as to all the trespassers sued in this action, and would bar the suit as to them, whether the plaintiff intended or not, to receive it iu satisfaction as to all.”
The Court declined to give the instructions, but charged the jury as follows:
“On this point, it has been insisted on the part of the defendants,' that if you should he satisfied that the defendants are jointly liable, as the plaintiff, in declaring, hath alleged against them, you should find for the defendants, because they say they have made full and complete accord and satisfaction. If such a thing has been done, this is a correct assumption. If you are satisfied, from the proof, that such accord and satisfaction has been made, you should find for *196 tbe defendants; for, in this form of action, the plaintiff cannot have but one satisfaction. This, however, you must determine from the proof before you. If an agreement was made between the parties, that a compromise was to be made, and that agreement has been fully carried out and performed, it would be a satisfaction; but, if they met together and agreed to compromise and settle the cause you now have before you, and that agreement was not fully carried out and completed, it would not be a full accord and satisfaction. As to this, you have heard the proof, and must decide for yourselves/’
A verdict and judgment was rendered, against the plaintiffs in error, for thirty-five thousand dollars. A new trial was moved for, which was overruled; from which there was an appeal to this Court. Various questions were insisted on, in argument, in the trial of the cause; but the principle question relied upon, and presented for our consideration, is: Do the facts, presented in this record, amount to an accord and satisfaction, and such as will bar the defendant in error, from a recovery?
It appears, from the testimony of one of the witnesses, Russell Lawson, when he settled with the defendant in error, nothing was said relative to the other joint defendants. In the conversation with the defendant in error, he said that he would not compromise with some of them for less than a thousand dollars. He states that he compromised for himself. The other parties, who compromised, state that they compromised for themselves, alone.
*197 The money received by the defendant in error, as appears from the proof, was, three hundred dollars from one, four hundred from another, and two hundred from another. These sums were received in full satisfaction of the damages the defendant in error claimed against them. They were originally sued in the action. Two of them were declared against in the declaration of the defendant in error; they were all joint trespassers with the plaintiffs in error, and liable with them in damages, for the injury inflicted upon the defendant in error. Upon the compromise or payment of the damages, a nol. pros, was entered as to them and all the other defendants in the declaration, except the plaintiffs in error; whether by the reason of the compensation paid or not, does not appear.
Three, who compromised and paid out, were before the Court by summons and levy of attachment. The offense was a joint one, as the defendant, in his declaration, hath alleged. What is the legal effect of the payment of the several sums, by the several persons who were sued, though it was paid in satisfaction of the damages they had done to the defendant in error?
This Court held, in 2 Yerger, 94, “In trespass against several defendants, where damages have been severally assessed against each, the plaintiff must elect which defendant he will take judgment against, and enter a nol. pros, as to the others. For one trespass there can be but one satisfaction, whether committed by one or many,”
*198 In second Sneed, 210, the same doctrine is recognized. Each of the wrong-doers is liable for his separate acts, and separate actions may be brought against each of the trespassers, and in each he may proceed in judgment. He can claim or enforce but one satisfaction for the same trespass. He must elect which of the several judgments he will proceed to execute for the satisfaction of his damages. “ It is a well settled principle of this Court, where two tort feasors are sued in a joint trespass, a satisfaction of a judgment against one is a bar to an action against the others. It follows, therefore,- as a legal deduction, a satisfaction of the damages by one of the wrong-doers, is a bar to the further recovery for the same trespass.” In Parsons on Contracts, 30, it is stated: “The effect of a release of damage to one of two wrong-doers, is the same as a release of the debt. It is, in its operation, a release of the whole claim arising out of the tort, and discharges all of the parties; and, in support of this principle, he cites 7 Hum., 520. In 1 Greenleaf on Evidence, par. 30, the author states: “ As to the parties to an accord, proof of an accord and satisfaction, made by one of several joint obligees or joint trespassers, is good and variable as to all.” In support of this, he cites 7 Cowan, 224, in which it is held: “If several tort feasors are jointly sued, and a sum of money is accepted from one of them, and the action is dropped, this may be shown as a full satisfaction in bar of a subsequent action against the others.” This principle seems to be well settled in the English Courts, (9 Bacon’s Abridgment, 522,) “ If *199 there have been three parties to a trespass, and one of them have made a satisfaction, the other two may plead this in bar of the action for the trespass.” Same book, 547: “In trespass against five, if the plaintiff accepts notes from two for a sum to be paid at a future day, in satisfaction as to them, but not to operate as a satisfaction as to the other defendants, it is good as to all.” And, in the American notés of the work, in support of this principle, 2 Ohio, 91, and 2 Greenleaf, 102, are referred to. In Petreduf's Abridgment of the Common Law, 15 vol., 92, the principle is stated: “ If a trespass he joint, a release to one is a bar to all; for though a trespass be committed by several, it may he either against one or against all; for, in trespass all are principals, and each is answerable to his co-trespassers, and there can be but one satisfaction; a release is a release of the trespass, and all have an equal benefit.” The same principle was settled in 3 Taunton, 117. In that case, the plaintiff had sued out writs for trespass against Bond M. and the defendant, and upon which he discontinued upon receiving a certain sum in satisfaction, and subsequently brought his action against the defendant, for the same sum. It was held, “the discharge made to one tort feasor, would operate as release to all, for, if it were otherwise, the plaintiff might get paid, by each defendant, to the whole amount of the injury sustained:” 1 Persondorf’s Abridgment of Common Law, 88. The same principle is stated in Chitty on Contracts, 765: “Accord and satisfaction, by one defendant, is, in general, a bar to all. Where in trespass quare clausum fregit, the defendants *200 pleaded they acted as servants of B., who was no party to the suit; that they delivered up the possession of the close to him; and that he, afterwards, with the consent of the defendants, made satisfaction to the plaintiff, which was accepted, it was held, whether satisfaction or not, could he pleaded, it appeared from the proof in the case, B. was a co-trespasser, so as to he able to make a satisfaction which would inure to all the defendants.”
Upon a review of the authorities on this question, we find the principle well settled, in a joint trespass, if one of the party defendant, makes a settlement with the plaintiff, and pays him the amount they may agree upon for the damages sustained hy the plaintiff, though he may and does pay the plaintiff alone, for the damages inflicted hy him, it will operate to discharge the other defendants; and they may plead it in bar as to an accord and satisfaction of the trespass. We are satisfied, upon a review of the authorities, this principle is the correct rule of law; otherwise, a plaintiff, in many instances, would operate upon the fears of defendants, and get from each the full amount of the trespass committed. A satisfaction of damages from one, the action being joint, must operate as a discharge to all, whether the parties designed it or not.
The Court erred in refusing to give the instructions asked for by the counsel of the plaintiffs in error. If the facts stated, be true, it was a discharge of the plaintiffs, and the Court should have so instructed the jury. Under the rules of law, they *201 were entitled to the instruction asked. The charge of His Honor is vague, unsatisfactory, and did not place the questions at issue fairly before the jury, and did not embrace the propositions asked for by the counsel of the plaintiffs in error. Other questions have been discussed in the argument; but as a settlement of this question is decisive of the question before the Court, we deem it unnecessary to give any decision upon them.
The judgment of the Circuit Court will be reversed — a new trial awarded — in which the law will be charged as stated in this opinion.